**SO ORDERED.**

**SIGNED this 09 day of April, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

MELBA JEAN JOHNSON,                    CASE NO. 11-09809-8-JRL

    DEBTOR.                                          CHAPTER 7

### ORDER

This matter came before the court on the court's order to show cause for failure to attend § 341 meeting of the creditors. A hearing was held on April 4, 2012, in Raleigh, North Carolina.

On December 30, 2011, Janet Johnson, acting under a power of attorney, filed a bankruptcy petition on behalf of her mother, Melba Jean Johnson ("Mrs. Johnson"),[1] pursuant to chapter 7 of the Bankruptcy Code. John T. Orcutt ("Mr. Orcutt") signed the petition as attorney for the debtor. On February 3, 2012, Mrs. Johnson failed to appear at the § 341 meeting of the creditors, which resulted in the present show cause. At the hearing, the court was made aware of other, more troubling, issues with this case.

It appears to the court that Janet Johnson and Tammy Lamb—also the daughter of Mrs. Johnson—incurred the overwhelming majority of the debt listed in the schedules in this case for

---

[1] Mrs. Johnson is also known as Jean Morrison Johnson.

their own benefit, without the knowledge or consent of Mrs. Johnson.  Acting under a power of attorney, they accumulated various bills in Mrs. Johnson's name over a number of years.  Mrs. Johnson testified that she was completely unaware that her daughters were using her name in this manner until after the bankruptcy petition was filed.  She further testified that she did not benefit from, or even recognize, the vast majority of the debts listed in the schedules.

When Mrs. Johnson's daughters could not repay these bills, they apparently decided to file bankruptcy on behalf of Mrs. Johnson.  Again acting under a power of attorney, they obtained Mr. Orcutt to represent their mother.  Mrs. Johnson testified that she has never met Mr. Orcutt and does not want to be represented by him in any capacity.  In sum, Mrs. Johnson made it clear that she did not need or want to file bankruptcy, and accordingly, she requests that the court dismiss her case.  The Bankruptcy Administrator supports this position but requests that the court allow the case to remain open for thirty days so that she may use the court's power to investigate this matter further.

Based on the foregoing, this case hereby is dismissed, but dismissal is stayed for thirty days to allow the Bankruptcy Administrator to perform a full investigation of the circumstances surrounding the filing of this case.  The court cannot allow assertions that its jurisdiction has been utilized to effectuate a fraudulent scheme to go without investigation.  Going forward, Mrs. Johnson is excused from attending any future § 341 meeting.  Furthermore, Mr. Orcutt and his firm, The Law Offices of John T. Orcutt, PC, are allowed to withdraw as counsel of record in this case.  Mrs. Johnson never hired Mr. Orcutt or his firm, and even if that was not the case, there would be obvious conflicts of interest if the representation continued.

**END OF DOCUMENT**